1
2
3
4
5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

6
7
8
9
10
11
12

MICHAEL LEBER, et al.,

   Plaintiffs,

v.

BERKLEY VACATION RESORTS, INC.,
et al.,

   Defendants.

2:08-CV-01752-PMP-PAL

<u>ORDER</u>

13 Presently before the Court is Defendants' Motion to Dismiss and/or Strike Claims

14 in First Amended Class Action Complaint (Doc. #15), filed on January 15, 2009.  Plaintiffs

15 filed an Opposition (Doc. #51) on March 6, 2009.  Defendants filed a Reply (Doc. #57) on

16 April 2, 2009.  Defendants also filed Objections (Doc. #58, #59, #60) on April 2, 2009.

17 Also before the Court is Defendant Williamsburg Plantation Inc.'s Motion to

18 Dismiss First Amended Class Action Complaint (Doc. #23), filed on February 6, 2009.

19 Plaintiffs filed an Opposition (Doc. #52) on March 6, 2009.  Defendants filed a Reply (Doc.

20 #57) on April 2, 2009.

21 Also before the Court is Defendant The Berkley Group Inc.'s Motion to Dismiss

22 Claims in First Amended Class Action Complaint (Doc. #37), filed on February 16, 2009.

23 Plaintiffs filed an Opposition (Doc. #53) on March 6, 2009.  Defendants filed a Reply (Doc.

24 #57) on April 2, 2009.

25 ///

26 ///

1    **I. BACKGROUND**

2              Defendants are engaged in the business of the sale, creation, development, and

3    management of timeshare properties throughout the United States.  (Notice of Removal

4    (Doc. #1), Ex. A ["Compl."] at 3.)  Plaintiffs allege that Defendants are part of the "Berkley

5    Timeshare Business Enterprise" ("BTBE"), a group of such businesses which Plaintiffs

6    allege are a common or joint enterprise, or a partnership.  (Id. at 3-4.)  Plaintiffs were

7    employed as timeshare salespersons in Las Vegas, Nevada.  (Id.)  Plaintiffs allege that they

8    and other BTBE salespersons throughout the United States were compensated solely or

9    partially based on commissions and Defendants failed to pay their salespersons overtime,

10   minimum wage, and wages upon discharge as required under applicable state and federal

11   law.  (Id. at 4, 9-10.)

12             Plaintiffs brought suit in Nevada state court, asserting violations of the Fair Labor

13   Standards Act ("FLSA") (count one), failure to pay minimum wage and overtime under

14   Nevada wage and hour laws (count two), failure to pay wages upon discharge under Nevada

15   law (count three), and breach of contract (count four).  Plaintiffs bring suit on behalf of

16   themselves and all others similarly situated.  Defendants removed the action to this Court

17   and now move to dismiss.  Defendants Berkley Vacation Resorts, Inc.; Patriot Resorts, Inc.;

18   Williamsburg Plantation Inc.; and The Berkley Group, Inc. argue that this Court lacks

19   personal jurisdiction over them.  Defendants Berkley Vacation Resorts, Inc.; Patriot

20   Resorts, Inc.; Eldorado Resorts Corp.; Tricom Management, Inc.; Daily Management, Inc.;

21   and The Berkley Group, Inc. also argue Plaintiffs fail to state a claim under the FLSA or

22   Nevada wage and hour laws because Plaintiffs have not set forth facts identifying which

23   entity was their employer or joint employer and Plaintiffs fail to state a breach of contract

24   claim against any Defendant other than Eldorado Resorts Corp. because that is the only

25

26

1   Defendant with which Plaintiffs have entered into a contract.[1]

2         Plaintiffs respond that this Court has personal jurisdiction over all Defendants

3   because their partner or agent, Eldorado Resorts Corp. ("Eldorado"), has operated in

4   Nevada and those contacts are attributable to the other members of the joint enterprise or

5   partnership. Plaintiffs also argue they adequately have alleged that Defendants are part of

6   an integrated enterprise or partnership, and they need not plead Defendants' relationships

7   with greater specificity at this stage of the proceedings. Plaintiffs contend discovery is

8   needed to determine whether Defendants are a joint enterprise or partnership, and therefore

9   dismissal is premature. Alternatively, Plaintiffs request leave to amend.

10  **II. OBJECTIONS TO EVIDENCE**

11        **A. Plaintiffs' Objection**

12        Plaintiffs object to the Court considering the contracts between Plaintiffs and

13  Defendant Eldorado which Defendants attach to their motions to dismiss. Plaintiffs argue

14  they did not attach those contracts to the Complaint or refer to those particular contracts in

15  the Complaint. Defendants respond that the Court may consider the contracts at the motion

16  to dismiss stage because Plaintiffs' breach of contract claim depends on the contracts and

17  Plaintiffs do not dispute the contracts' authenticity.

18        At the motion to dismiss stage, in addition to the complaint's allegations, the

19  Court may consider undisputedly authentic documents to which the complaint refers

20  extensively or which form the basis of the plaintiff's claims. United States v. Ritchie, 342

21  F.3d 903, 908 (9th Cir. 2003); Van Buskirk v. Cable News Network, Inc., 284 F.3d 977,

22  _____

23      [1] These Defendants also argued Plaintiffs' attempt to bring an opt-in class action under the
    FLSA was incompatible with simultaneously asserting a Rule 23 opt-out class action based on Nevada

24  state law. Defendants have abandoned this argument in their reply brief. Additionally, Defendants
    moved to strike the Complaint's reference to Nevada Revised Statutes § 608.019 from count two

25  because no private cause of action exists for a violation of this section, and Plaintiffs agree. The Court
    therefore will grant the motion to dismiss any purported cause of action in the Complaint based on

26  § 608.019.

1   980 (9th Cir. 2002). However, the Court will not consider the attached contracts at this
2   stage of the proceedings. The purpose for which Defendants offer these contracts is to
3   show these are the only contracts Plaintiffs have with any Defendants. To consider these
4   exhibits in conjunction with this motion to dismiss would require the Court to make the
5   factual determination that these, and only these, are the contracts to which Plaintiffs'
6   Complaint refers. Such a finding at the motion to dismiss stage would be inappropriate.
7   Additionally, the parties have not requested the Court convert this into a motion for
8   summary judgment. The Court therefore will not consider the contracts in ruling on the
9   motions to dismiss.

10                      **B. Defendants' Objections**

11          Defendants raise a host of objections to evidence Plaintiffs attach to their
12   oppositions to the motions to dismiss. Plaintiffs have not filed a response. However, in
13   offering the exhibits, Plaintiffs requested the Court take judicial notice of them.

14          The Court may take judicial notice of "matters of public record without
15   converting a motion to dismiss into a motion for summary judgment." Lee v. City of Los
16   Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (quotation omitted). However, the Court may
17   not take judicial notice of a fact that is "'subject to reasonable dispute.'" Id. (quoting Fed.
18   R. Evid. 201(b)). A fact not subject to reasonable dispute is one "(1) generally known
19   within the territorial jurisdiction of the trial court or (2) capable of accurate and ready
20   determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.
21   R. Evid. 201(b). When a court takes judicial notice of a public record, "it may do so not for
22   the truth of the facts recited therein, but for the existence of the [record], which is not
23   subject to reasonable dispute over its authenticity." Lee, 250 F.3d at 690 (quotation
24   omitted).

25          Most of the exhibits Plaintiffs offer are not matters properly subject to judicial
26   notice. Newspaper advertisements, website downloads, affidavits, and the facts recited

                                              4

1   therein are not matters of which this Court will take judicial notice. With respect to those
2   exhibits which are subject to judicial notice, such as public filings with the Clark County
3   Assessor or the Florida Secretary of State, the Court will not take judicial notice of the facts
4   recited therein. Plaintiffs did not oppose Defendants' objections to the evidence, such as
5   hearsay and relevance. The Court therefore will not consider for purposes of this motion
6   the identified statements in the various affidavits or the exhibits to which Defendants
7   object.

8   **III. PERSONAL JURISDICTION**

9   "When a defendant moves to dismiss for lack of personal jurisdiction, the
10  plaintiff bears the burden of demonstrating that the court has jurisdiction over the
11  defendant." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where the
12  issue is before the Court on a motion to dismiss based on affidavits and discovery materials
13  without an evidentiary hearing, the plaintiff must make "a prima facie showing of facts
14  supporting jurisdiction through its pleadings and affidavits to avoid dismissal." Glencore
15  Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1119 (9th Cir. 2002).
16  The Court accepts as true any uncontroverted allegations in the complaint and resolves any
17  conflicts between the facts contained in the parties' evidence in the plaintiff's favor. Id.
18  However, for personal jurisdiction purposes, a court "may not assume the truth of
19  allegations in a pleading which are contradicted by affidavit." Alexander v. Circus Circus
20  Enters., Inc., 972 F.2d 261, 262 (9th Cir. 1992) (quotation omitted). The Court must
21  analyze whether personal jurisdiction exists over each defendant separately. Harris Rutsky
22  & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1130 (9th Cir. 2003).

23  To meet its burden, a plaintiff must demonstrate that personal jurisdiction over a
24  defendant is (1) permitted under the applicable state's long-arm statute and (2) that the
25  exercise of jurisdiction does not violate federal due process. Pebble Beach Co., 453 F.3d at
26  1154. Nevada's long-arm statute permits the exercise of jurisdiction to the limits of

5

1  constitutional due process. Nev. Rev. Stat. § 14.065(1). As a result, the two requirements
2  collapse into one. To satisfy federal due process standards, a nonresident defendant must
3  have "minimum contacts" with the forum state so that the assertion of jurisdiction does not
4  offend traditional notions of fair play and substantial justice. Pebble Beach Co., 453 F.3d at
5  1155 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 315 (1945)).

6        A federal district court may exercise either general or specific personal
7  jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15
8  (1984). To establish general personal jurisdiction, the plaintiff must demonstrate the
9  defendant has sufficient contacts to "constitute the kind of continuous and systematic
10  general business contacts that 'approximate physical presence.'" Glencore Grain, 284 F.3d
11  at 1124 (quoting Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th
12  Cir. 2000), modified, Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433
13  F.3d 1199, 1207 (9th Cir. 2006)). Courts consider such factors as whether the defendant
14  makes sales, solicits or engages in business in the state, serves the state's markets,
15  designates an agent for service of process, holds a license, or is incorporated there.
16  Bancroft, 223 F.3d at 1086. "[A] defendant whose contacts are substantial, continuous, and
17  systematic is subject to a court's general jurisdiction even if the suit concerns matters not
18  arising out of his contacts with the forum." Glencore Grain, 284 F.3d at 1123 (citing
19  Helicopteros, 466 U.S. at 415 n.9).

20        A nonresident defendant's contacts with the forum state may permit the exercise
21  of specific jurisdiction if: (1) the defendant has performed some act or transaction within
22  the forum or purposefully availed himself of the privileges of conducting activities within
23  the forum, (2) the plaintiff's claim arises out of or results from the defendant's
24  forum-related activities, and (3) the exercise of jurisdiction over the defendant is
25  reasonable. Pebble Beach Co., 453 F.3d at 1155-56. "If any of the three requirements is
26  not satisfied, jurisdiction in the forum would deprive the defendant of due process of law."

1 | Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995).

2 |       Defendants present affidavits averring that Defendants Berkley Vacation Resorts,
3 | Inc.; Patriot Resorts, Inc.; Williamsburg Plantation Inc.; and The Berkley Group, Inc. are
4 | incorporated in states other than Nevada; are not qualified to do business in Nevada; have
5 | no offices, facilities, telephone listings, or property in Nevada; have not directed any
6 | advertising toward Nevada; have no officers, directors, employees, or agents in Nevada;
7 | and have not sold goods or services to Nevada residents. (Defs.' Mot. to Dismiss (Doc.
8 | #15), Exs. 3, 4; Def. Williamsburg Plantation Inc.'s Mot. to Dismiss (Doc. #23), Aff. of
9 | Marc Landau; Def. The Berkley Group Inc.'s Mot. to Dismiss (Doc. #37), Aff. of Marc
10 | Landau.) In response, Plaintiffs argue Defendants are joint employers or partners, and thus
11 | the in-forum conduct of Defendant Eldorado is attributable to Berkley Vacation Resorts,
12 | Inc.; Patriot Resorts, Inc.; Williamsburg Plantation Inc.; and The Berkley Group, Inc.
13 | Additionally, Plaintiffs argue Eldorado is their agent.

14 |       Plaintiffs' Complaint makes no factual allegations to support either theory.
15 | Rather, Plaintiffs make the conclusory allegation that Defendants are engaged in a joint
16 | enterprise or partnership. Plaintiffs also present no admissible evidence to meet their
17 | burden of establishing any of these Defendants have contacts with Nevada, either directly or
18 | through a partner or agent. The Court therefore will grant Defendants' motions to dismiss
19 | for lack of personal jurisdiction.

20 | **IV. FLSA, Nevada Wage and Hour, and Breach of Contract Claims**

21 |       In considering a motion to dismiss for failure to state a claim, "all well-pleaded
22 | allegations of material fact are taken as true and construed in a light most favorable to the
23 | non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661
24 | (9th Cir. 1998) (citation omitted). However, the Court does not necessarily assume the truth
25 | of legal conclusions merely because they are cast in the form of factual allegations in the
26 | plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir.

1  1994). There is a strong presumption against dismissing an action for failure to state a
2  claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation
3  omitted). The issue is not whether the plaintiff ultimately will prevail, but whether it may
4  offer evidence in support of its claims. See id. (quoting Scheuer v. Rhodes, 416 U.S. 232,
5  236 (1974)). A plaintiff must make sufficient factual allegations to establish a plausible
6  entitlement to relief.   Bell Atl. Corp. v Twombly, 550 U.S. 544, 555-56 (2007).[2]  Such
7  allegations must amount to "more than labels and conclusions, and a formulaic recitation of
8  the elements of a cause of action." Id. at 555.

9          The FLSA requires employers to pay a minimum wage and overtime to
10  employees who are employed in an enterprise engaged in commerce. 29 U.S.C. §§ 206,
11  207. An employer who violates these provisions is liable to the affected employees for their
12  unpaid wages and overtime compensation, as well as for an equal amount as liquidated
13  damages. Id. § 216(b). The FLSA defines "employer" as "any person acting directly or
14  indirectly in the interest of an employer in relation to an employee." Id. § 203(d).

15          Under the FLSA, two or more employers may employ a person jointly. Bonnette
16  v. Cal. Health & Welfare Agency, 704 F.2d 1465, 1469 (9th Cir. 1983), abrogated on other
17  grounds by Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528, 539 (1985); 29
18  C.F.R. § 791.2(a). Each joint employer is individually responsible for complying with the
19  FLSA with respect to the entire employment. Bonnette, 704 F.2d at 1469 (citing 29 C.F.R.
20  § 791.2(a)). The Department of Labor's regulation sets forth examples of joint employment
21  situations:

22          (1) Where there is an arrangement between the employers to share the
             employee's services, as, for example, to interchange employees; or
23

24          ───────────────────────────────

25          [2] Plaintiffs argue Twombly's application is limited to the antitrust context, but the Supreme
         Court since has made it clear that Twombly interpreted and applied Federal Rule of Civil Procedure
         8 and hence applies to all civil actions under the Federal Rules of Civil Procedure. Ashcroft v. Iqbal,
26       129 S. Ct. 1937, 1953 (2009).

1

2

3

4

(2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
(3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

5

29 C.F.R. § 791.2(b) (footnotes omitted).

6

7

8

9

10

11

12

13

14

15

16

The Court applies an "economic reality" test to determine whether a joint employment relationship exists. Torres-Lopez v. May, 111 F.3d 633, 639 (9th Cir. 1997). Under this test, the Court considers all factors relevant to the particular situation to evaluate the economic reality of an alleged joint employment relationship. Id. Among the factors the Court considers are "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of payment, (3) determined the rate and method of payment, and (4) maintained employment records." Moreau v. Air France, 356 F.3d 942, 946-47 (9th Cir. 2004) (quotation omitted). However, the test is not mechanical and these are not the only factors the Court should consider. Bonnette, 704 F.2d at 1470. Ultimately, the determination is "based upon the circumstances of the whole activity." Id. (quotation omitted).

17

18

19

"[T]he concept of joint employment should be defined expansively under the FLSA." Torres-Lopez, 111 F.3d at 639. Whether a party is an employer for purposes of the FLSA is a question of law for the Court. Id. at 638.

20

21

22

23

24

25

26

Plaintiffs have alleged Defendants are "a common or joint enterprise or partnership that is collectively, jointly and severally liable to all of the putative plaintiffs described herein." (Compl. at 4.) This allegation is conclusory and supported by no factual allegations. The Complaint's only factual allegations are that Defendants all are engaged in the sale of timeshare interests and have similar compensation practices for their salespersons. (Id. at 3-4.) Taking such allegations as true, they do not state a plausible entitlement to relief against any Defendant as any Plaintiff's employer or joint employer.

9

Plaintiffs have not alleged which Defendant is their employer or any facts supporting joint employment by any of the other Defendants. The fact that all Defendants conduct business in the same industry and utilize similar compensation schemes is insufficient to establish joint employer status.

Plaintiffs contend that under Federal Rule of Civil Procedure 8, they need not allege facts supporting the bare allegation of joint enterprise or partnership. However, the Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[N]aked assertion[s] devoid of further factual enhancement" will not suffice. Id. (quotation omitted, second alteration in original). Nor will legal conclusions which are unsupported by factual allegations. Id. Accordingly, Plaintiffs must allege facts which show they plausibly are entitled to relief from each Defendant as an employer or joint employer. Compare Allen v. CH2M-WG. Idaho, LLC, No. 4:08CV422-REB, 2009 WL 1658018, at *3-4 (D. Idaho June 10, 2009) (slip copy) (holding the plaintiff pled sufficient facts to survive a motion to dismiss where the plaintiff alleged that purported joint employer assigned her to work with her employer, set her rate of pay, had authority to dictate the location and manner of her performing her duties, held itself out as being able to respond to and address employee complaints, and was involved in the decision to fire her in retaliation for her workplace safety complaints), with Wood v. TriVita, Inc., No. CV-08-0765-PHX-SRB, 2009 WL 2106291, at *3-4 (D. Ariz. June 22, 2009) (unpublished) (holding plaintiff failed to plead sufficient facts to support amendment joining additional defendants as purported joint employers where the plaintiff alleged the proposed defendants were members of the company's executive team and participated in the decision to classify plaintiffs as exempt from overtime compensation or were these defendants' spouses; lack of factual allegations describing the misclassification process and each defendant's participation therein, combined with lack of factual allegations regarding the power to hire and fire, supervise and control conditions of employment, or determine

1   the rate and method of pay was insufficient).  The Court therefore will grant Defendants'
2   motion to dismiss count one, without prejudice for Plaintiffs to amend to plead the requisite
3   facts for any and all Defendants for which they can do so.

4         For these same reasons, the Court will grant without prejudice Defendants'
5   motion to dismiss Plaintiffs' state law claims.  For purposes of Nevada's wage and hour
6   laws, an employer is defined as "'every person having control or custody of any
7   employment, place of employment or any employee.'"[3]  Boucher v. Shaw, 196 P.3d 959,
8   961 (Nev. 2008) (quoting Nev. Rev. Stat. § 608.011).  Plaintiffs allege no facts that, if true,
9   plausibly would support a finding that each Defendant had control or custody of Plaintiffs'
10  employment, place of employment, or Plaintiffs.  Likewise, Plaintiffs do not allege with
11  which Defendants they have a contractual relationship or any facts which could support
12  extending contractual obligations beyond the parties to any such contract to support their
13  breach of contract claim.  See Albert H. Wohlers & Co. v. Bartgis, 969 P.2d 949, 959 (Nev.
14  1998) ("In general, no one is liable upon a contract except those who are parties to it."
15  (quotation omitted)).  The Court therefore will grant Defendants' motions to dismiss as to
16  Plaintiffs' state law claims in counts two, three, and four, without prejudice for Plaintiffs to
17  amend to plead the requisite facts for any and all Defendants for which they can do so.

18  **V. CONCLUSION**

19        IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss and/or
20  Strike Claims in First Amended Class Action Complaint (Doc. #15) is hereby GRANTED.
21        IT IS FURTHER ORDERED that Defendant Williamsburg Plantation Inc.'s

22

---

23     [3] Nevada previously has referred to the "economic reality" test in dismissing both FLSA and
24  Nevada wage and hour claims.  Prieur v. D.C.I. Plasma Ctr. of Nev., Inc., 726 P.2d 1372, 1373 (Nev.
    1986).  However, the Nevada Supreme Court recently stated that "despite mentioning this test to
25  resolve federal FLSA claims in Prieur v. D.C.I. Plasma Center, 102 Nev. 472, 726 P.2d 1372 (1986),
    we did not adopt that test in relation to the state law claims raised in that case and did not incorporate
26  that test into Nevada's wage and hour law."  Boucher, 196 P.3d at 963 n.27.

1 | Motion to Dismiss First Amended Class Action Complaint (Doc. #23) is hereby

2 | GRANTED.

3 |      IT IS FURTHER ORDERED that Defendant The Berkley Group Inc.'s Motion to

4 | Dismiss Claims in First Amended Class Action Complaint (Doc. #37) is hereby

5 | GRANTED.

6 |      IT IS FURTHER ORDERED that Plaintiffs may file an amended complaint on or

7 | before September 4, 2009.

8 |

9 | DATED: July 27, 2009

10 |

11 |         PHILIP M. PRO
        United States District Judge

12