# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL LEBER, et al., | 2:08-CV-01752-PMP-PAL |
|         Plaintiffs, | |
| vs. | **ORDER** |
| THE BERKLEY GROUP, INC., et al., | |
|         Defendants. | |

On May 11, 2010, the Court received the attached letter from counsel for Defendants. The letter is self-explanatory.

**IT IS ORDERED that** in the event counsel for any party concludes action should be taken by the Court regarding the matters addressed in the attached letter, they shall file an appropriate motion for relief with this Court.

DATED: May 12, 2010.

PHILIP M. PRO
United States District Judge

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

Wells Fargo Tower
Suite 1100
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone:  702.791.7600
Facsimile:  702.369.5694
www.ogletreedeakins.com

HAnd DeLivereb

RECEIVED
CHAMBERS OF

MAY 1 1 2010

U.S. DISTRICT JUDGE

Anthony L. Martin
702.699.5452
anthony.martin@ogletreedeakins.com

May 11, 2010

The Honorable Judge Philip M. Pro
United States District Court
District of Nevada
Lloyd D. George Federal Courthouse
Courtroom 7C
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101

Re:   *Michael Leber, et al. v. The Berkley Group and Eldorado Resorts*

Dear Judge Pro,

We are writing to inform you about facts that have come to our attention and arguably could be deemed relevant to your July 31, 2009 ruling concerning jurisdiction over Patriot Resorts, Inc. ("Patriot Resorts") and Williamsburg Plantation Inc. ("Williamsburg Plantation").

We have learned that in 2006, Patriot Resorts executed a contract with Eldorado giving Patriot Resorts the option to purchase specific Grandview Resorts ("Grandview") Nevada timeshare units for resale in Massachusetts.  At the end of March 2009, Patriot Resorts started selling timeshare units pursuant to this option.  To date, Patriot Resorts has sold about 115 Grandview timeshare units. All of Patriot Resorts' sales were made in Massachusetts by employees of Patriot Resorts in Massachusetts. Patriot Resorts timeshare sales employees did not perform any activities in Nevada in conjunction with these sales.

To date, no deeds have been recorded in relation to these sales. There has been no transfer of title, and Patriot Resorts currently does not own and has not owned, timeshare property in Nevada.  When the deeds do convey pursuant to these sales, Patriot Resorts will have momentary ownership of these timeshare properties. A "double-deeding" process will be used to transfer title, under which a deed will be recorded from Eldorado to Patriot Resorts and immediately thereafter a deed will be recorded from Patriot Resorts to the timeshare customer. While Patriot will be in the chain of title, it will never have possession, use or physical control of property in Nevada.

Atlanta ▪ Austin ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Greensboro
Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis ▪ Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans
Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Francisco ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

The Honorable Judge Philip M. Pro
United States District Court
May 11, 2010
Page 2

Williamsburg Plantation negotiated a similar timeshare option agreement with Eldorado on July 13, 2009. However, the option agreement has not been finalized. No specific units were identified, and no purchase price was listed. Williamsburg Plantation has not acquired any Grandview timeshare units and Williamsburg Plantation has not sold any Grandview timeshare units. Should the option agreement be finalized and Williamsburg Plantation at some future date sells timeshare units pursuant to the option, all sales would be made in Virginia by Williamsburg Plantation timeshare sales employees. The same "double-deeding" procedure would be used to transfer title from Grandview to Williamsburg Plantation and immediately transfer title from Williamsburg Plantation to the purchaser.

In its July 31, 2009 ruling on the issue whether it had jurisdiction over Patriot Resorts and Williamsburg Plantation, the Court relied in part on its finding from the affidavits and other evidence that Patriot Resorts and Williamsburg Plantation had no property in Nevada. We are bringing these facts to the attention of the Court in the event at some point they may be considered inconsistent with that ruling or with certain statements in the declaration of Marc Landau executed on January 14, 2009. Specifically, the declaration states, in pertinent part, that "*Patriot Resorts has had no contacts with the State of Nevada at any time since I have been its Vice President and Treasurer. In particular, during this time, Patriot Resorts has not ... had bank accounts or other tangible personal or real property in Nevada.*" The January 14, 2009 Landau affidavit was and is correct that Patriot Resorts did not have property in Nevada in January 2009, and it still has not owned any property in Nevada. Patriot Resorts had an option to acquire timeshare property in Nevada, but did not begin selling Grandview timeshares until March 2009 and still has not acquired even momentary title to property in Nevada.

Landau's affidavit dated February 6, 2009 with respect to Williamsburg Plantation stated that Williamsburg Plantation "*has had no contacts with the State of Nevada at any time since I have been Vice President. In particular, during this time, WP ... has not had bank accounts or other tangible personal or real property in Nevada ....*" The February 6, 2009 Landau affidavit was and is correct to date. Williamsburg Plantation has not finalized an option to acquire and sell timeshare interests at Grandview or elsewhere in Nevada, and it has never acquired or sold any Grandview timeshare units.

While we bring this to the attention of the Court and opposing counsel, we do not believe it should affect the Court's ruling. Patriot Resorts did not acquire timeshare interests in Nevada before the lawsuit was filed or before the Court's ruling; in fact timeshare interests still have not been acquired by Patriot Resorts or Williamsburg. The inquiry as to property ownership is based on the date the lawsuit was filed, not subsequent acquisition that may occur during the pendency of the litigation. Moreover, even if Patriot Resorts had acquired these timeshare units before the lawsuit was filed, Patriot Resorts would not be a proper party in this lawsuit.

In determining whether a non-resident corporation's contacts with a forum are sufficient to confer personal jurisdiction, courts only consider contacts occurring prior to the event causing the litigation or those existing at the time the complaint was filed. *See Steel v. United States*, 813

The Honorable Judge Philip M. Pro
United States District Court
May 11, 2010
Page 3

F.2d 1545, 1549-50 (9th Cir. 1987) ("determinations of citizenship . . . are made at the time of suit.") (citing *Mann v. City of Tucson Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986). *See also Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990) ("only contacts occurring prior to the event causing the litigation may be considered" in the minimum contacts analysis); *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 52 (2d Cir. 1991) (examining extent of defendant's local contacts at the time the complaint was filed);*Hudnall v. Panola County*, No. 2:06-cv-0490, 2007 U.S. Dist. Lexis 2074, * 10 (D. Nev.) (granting motion to dismiss by a nonresident corporation that engaged in commercial leasing activity in Nevada only *after* the plaintiffs' claims arose).

Moreover, even if these timeshare sales by Patriot Resorts had preceded the lawsuit, they would not have changed the fact that there was no jurisdiction over Patriot Resorts for purposes of this lawsuit. Neither the 2006 option agreement between Patriot Resorts and Eldorado nor the subsequent sale of Nevada timeshares by Patriot Resorts could provide a basis for *specific* personal jurisdiction over Patriot Resorts because Plaintiffs' claims do not arise out of those activities. *See e.g., Bancroft & Masters, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (specific jurisdiction exists only if, *inter alia*, the claim arises out of or results from the defendant's forum-related activities). Indeed, none of the Plaintiffs were even employed by Patriot Resorts and, as such, their claims could not have resulted from Patriot Resorts' sales of Nevada timeshares.

The contract and subsequent sale of Nevada timeshares by Patriot Resorts could not give rise to *general* personal jurisdiction either. In order to establish general personal jurisdiction, the level of contacts must be "quite high", *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990), such that they may be deemed so continuous and systematic that they approximate "physical presence." *See e.g., Gates Lear Jet Corp. v. Jensen*, 743 F.2d 1325, 1330-31 (9th Cir. 1984). Patriot Resorts did not engage in such continuous and systematic contacts merely by entering into a single contractual agreement with Eldorado which gave Patriot Resorts the *option* to purchase Nevada timeshares. Purchasing property from a forum state, even at regular intervals, is not enough to subject a nonresident to general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984). Indeed, as numerous courts have noted, general personal jurisdiction may not be predicated on such activities, which merely amount to doing business "with" the forum – rather than "in" the forum. *See e.g., Bancroft*, 223 F.3d at 1086 (finding no general jurisdiction over nonresident corporation that had license agreements with businesses in the forum state, because such agreements constitute doing business "with" but not "in" the forum state); *Menalco v. Buchnan*, 602 F.Supp.2d 1186, 1193 (D. Nev. 2009) (granting motion to dismiss for lack of jurisdiction because nonresident's communications with corporate agents in forum state and negotiations to purchase company in forum state were merely attempts to do business "with" Nevada, not "in" Nevada).

Finally, Patriot Resorts' timeshare sales employees performed no activity in Nevada, and only performed sales activities in Massachusetts regarding timeshare interests owned by Patriot Resorts, even though after March 2009, some of those sales were of timeshare units physically

The Honorable Judge Philip M. Pro
United States District Court
May 11, 2010
Page 4

located at the Grandview resort in Nevada.  Williamsburg Plantation timeshare sales employees
have sold no Grandview units.

We have provided this information in the interest of full disclosure, even though we
believe it does not affect the Court's ruling on jurisdiction or the timeshare employees whose
claims may be asserted in this action.  We are mindful that notice has or is about to go out to
present and former frontline timeshare sales employees at Grandview.  We do not believe this
new information affects that notice.  However, if the Court or Plaintiffs' Counsel believe that
additional information is required, or the issue should be formally briefed, we are prepared to
expedite this process.

Respectfully submitted,

Anthony L. Martin

CC:    Leon Greenberg, Counsel for Plaintiffs (via electronic mail and facsimile)

ALM/saf

8619943.1 (OGLETREE)