# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL LEBER, *et al.,*   )
                           )
           Plaintiffs,   )   Case No. 2:08-cv-01752-PMP-PAL
                           )
vs.                        )   **ORDER**
                           )
BERKLEY VACATION RESORTS, INC., *et al.,*   )
                           )
           Defendants.   )
_____)

        The court conducted a status and scheduling conference on July 20, 2010. Leon Greenberg and Dana Sniegocki appeared on behalf of the Plaintiffs, and M. Peebles Harrison and Anthony Martin appeared on behalf of the Defendants.

        The notice of conditional certification was mailed and the deadline for Plaintiffs to opt into this FLSA action expired July 12, 2010. 390 Plaintiffs opted into this case. The parties have been discussing electronically stored information ("ESI"), and are in substantial agreement concerning certain categories of ESI which should be produced and certain categories of ESI from Defendants' database which need not be produced. Defense counsel has provided Plaintiff's counsel with a data slice for an individual Plaintiff, and information concerning Defendants' ESI database and the fields of various categories of information captured in the database. The parties have scheduled a "webinar" for July 26, 2010 to familiarize Plaintiffs' counsel and Plaintiffs' consultant with information stored in Defendants' electronic database. Counsel for both sides remain hopeful that they will come to an agreement concerning the appropriate scope of Defendants' ESI production.

        The parties have discussed representative discovery from individual opt-in Plaintiffs. Defendants propose to conduct individualized discovery from up to twenty-five percent of a representative sample of the opt-in Plaintiffs. Plaintiffs propose that written and deposition discovery be limited to no more than ten individual opt-in Plaintiffs. During the hearing, counsel for Defendants

offered to limit requests for individualized discovery to approximately ten percent of the opt-in Plaintiffs' provided that, for good cause shown, additional discovery be permitted if Defendants' consultants or experts opine ten percent is an insufficient representative sample of the putative class.

The parties propose a conditional stay of discovery while they explore mediation. The court canvassed counsel for both sides concerning what information and/or discovery was required in order for the parties to engage in meaningful mediation, and timing of proposed mediation.

Counsel for Plaintiffs indicated that, although he was optimistic the parties would reach a resolution concerning ESI, he and his consultants would need to analyze Defendants' ESI to conduct a productive mediation. However, he did not need to take any depositions or engage in formal expert discovery before mediation. Counsel for Defendants indicated that he believed that his in-house evaluation of payroll and related records was sufficient for the parties to engage in meaningful mediation.

Plaintiff's counsel has suggested names of two potential mediators, but given their schedule, understands that the earliest a mediation could be scheduled is October. Defense counsel has also been attempting to identify potential mediators, and a time frame for conducting mediation, but has not yet received anything concrete.

Finally, the court canvassed counsel concerning the discovery that remains in the event the parties are unable to promptly resolve their disputes in mediation. Counsel for Plaintiffs indicated he believed ninety days from the conclusion of mediation would be required to complete discovery and designate experts. He intends to take three or four depositions of Defendants' management concerning the Defendants' policies. He requests that the court allow forty-five days from the conclusion of any unsuccessful mediation to designate experts. Counsel for Defendants agrees that ninety days should be sufficient to complete discovery provided the parties are able to resolve outstanding ESI issues. Counsel for Defendants anticipates propounding written discovery, taking representative opt-in Plaintiffs depositions, and designating a dmages expert if it appears that the parties' damages evaluation iare substantially apart.

The court will require the parties to continue to meet and confer to resolve their outstanding ESI disputes and set a status conference in approximately two weeks to resolve any unresolved

disputes. Additionally, counsel shall to meet and confer in an effort to select a mutually acceptable mediator and to schedule a mediation within a reasonable period of time. The parties will have to satisfy the court that a concrete plan to conduct and complete mediation within a reasonable period of time is in place before approving a conditional stay. If a mediation cannot be scheduled and completed in the near future, the court will enter a final Discovery Plan and Scheduling Order requiring the parties to finalize the discovery to prepare this case for trial.

**IT IS ORDERED** a status and dispute resolution hearing is set for **August 5, 2010 at 9:00 a.m.** Counsel for the parties may appear telephonically. Each party requesting to appear telephonically is instructed to call Jeff Miller, Courtroom Deputy, at (702) 464-5420 **before 4:00 p.m., August 4, 2010** to indicate the name of the party participating and a telephone number where that party may be reached. The courtroom deputy will initiate the call.

Dated this 21st day of July, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE