UNITED STATES DISTRICT COURT

DISTRICT COURT OF NEVADA

| | |
|---|---|
| MICHAEL LEBER, RICK BRUNTON, THOMAS KELLEY, SONIA NUNEZ, JOHN RANGEL, and LOUIS A. CARIDEO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE BERKLEY GROUP INC., ELDORADO RESORTS CORPORATION, and JAMES GRIMES, individually and doing business as "Vacation Village Resorts" and "John Does", name fictitious, actual name and number unknown,<br><br>Defendants. | Case No. Case No. **08-civ 1752 PMP/PAL**<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date: May 12, 2011<br>Time: 10:00 a.m.<br>Ctrm: 7C |

The Court has before it Plaintiffs' unopposed motion for preliminary approval of a proposed class action settlement ("Settlement"). After reviewing the Motion for Preliminary Approval and the Stipulation and Settlement Agreement filed with the Court, the Court hereby finds and orders as follows:

1. The Court finds on a preliminary basis that the Settlement memorialized in the Stipulation and Settlement Agreement ("Stipulation") appears to be fair, adequate and reasonable, falls within the range of reasonableness, and therefore meets the requirements for preliminary

- 1 -

approval.

2. The Court certifies for settlement purposes only the following class ("the Settlement Class"):

> All employees employed by The Berkley Group Inc. and/or Eldorado Resorts Corporation (Defendants) who worked in Las Vegas, Nevada at the Grandview Resort from September 11, 2006 to May 2, 2010 as frontline timeshare salespeople and/or frontline timeshare "takeover" also known as "closer" employees. Included as part of the Settlement Class are those persons who are not within the terms of the immediately preceding sentence but who have filed Consent to Join forms with the Court under the Fair Labor Standards Act and are identified on Exhibit 6 of the Stipulation.

3. The Court finds, for purposes of <u>settlement only</u>, that the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Class is so numerous that joinder is impracticable; there are questions of law and fact that are common to all Settlement Class Members, which questions predominate over individual issues; (2) Plaintiffs' claims are typical of the claims of the Settlement Class; (3) the Named Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the Settlement Class; and (4) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court appoints for settlement purposes only, Named Plaintiffs Rick Brunton, Thomas Kelley, Sonia Nunez, John Rangel and Louis A. Carideo as class representatives for the Settlement Class.

5. The Court appoints for settlement purposes only, Mark Thierman of the Thierman Law Firm and Leon Greenberg of Leon Greenberg Professional Corporation as counsel for the Settlement Class.

6. The Court appoints Rosenthal & Company as the Settlement Administrator.

7. The parties are ordered to carry out the settlement according to the terms of the Stipulation.

1  8. The Court orders the following schedule of dates for further proceedings:

2      a. Deadline for serving and filing Motion for Final Approval:  September 6, 2011

3      b. Final Approval Hearing:  September 26, 2011, at 10:00 a.m.

4  9. The Court approves, as to the form and content, the Notice of Class Action

5  Settlement ("Notice"), attached hereto as Exhibit A, which informs the members of the

6  Settlement Class of the terms of the proposed Settlement, the preliminary approval of the

7  Settlement, and the scheduling of the Final Approval Hearing, and the Claim Form attached

8  hereto as Exhibit B.  The Court finds that the dates selected for the mailing and distribution of the

9  Notice and Claim Form meet the requirements of due process and provide the best notice

10  practicable under the circumstances and shall constitute due and sufficient notice to all persons

11  entitled thereto.

12  10. The FLSA claims of the following opt-in Plaintiffs, identified on Exhibit 7 of the

13  Stipulation, are dismissed without prejudice:

14                                Aguilar, Rose

15                                Ashley, Jacqueline M.

16                                Bond, Joann

17                                Charlwood, Linda

18                                Demeo, Candeloro

19                                Elliott, Maria

20                                Giese, Sharon

21                                Gilmore, Walter Frank

22                                Glasgow, Cindi A.

23                                Martin, Rodney Darnell

24                                Meyer, Kurt

25                                Montgomery, George

26                                Perry, Richard

27                                Piekarsky, Jay

28                                Reeves, David

1         Remezani, Deborah
2         Ruggiero, Christine
3         Ruggiero, Ken
4         Salamanca, Gabriel

The foregoing opt-in Plaintiffs will have the right to re-file their FLSA claims in new separate actions, but subject to and without waiver of Defendants' defenses thereto (including based on the running of the statute of limitations). The Settlement Administrator will mail each of them a copy of the notice attached hereto as Exhibit C, which the Court approves as to its form and content, within 15 days after the entry of this Order. For any new action filed by any of the foregoing opt-in Plaintiffs on or prior to 30 days after the Settlement Administrator's mailing of the notice, the FLSA claim made by such an opt-in Plaintiff in such a new action which is the same as that asserted in this Action shall not be subject to any additional accrual of the applicable FLSA statute of limitations from the time of its dismissal from this Action through the date of filing of the new action, but subject to and without waiver of Defendants' defenses thereto (including based on the running of the statute of limitations).

     IT IS SO ORDERED.

Dated:   May 12, 2011.

                                 Philip M. Pro
                                 UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT "A"

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL LEBER, RICK BRUNTON, THOMAS KELLEY, SONIA NUNEZ, JOHN RANGEL, and LOUIS A. CARIDEO, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>THE BERKLEY GROUP INC., ELDORADO RESORTS CORPORATION, and JAMES GRIMES, individually and doing business as "Vacation Village Resorts" and "John Does", name fictitious, actual name and number unknown,<br><br>       Defendants. | Case No.: 08-civ 1752 PMP/PAL<br><br>**CLASS ACTION**<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT** |

TO: ALL CURRENT AND FORMER FRONTLINE TIMESHARE SALESPEOPLE AND FRONTLINE TIMESHARE "TAKEOVER" A/K/A "CLOSER" EMPLOYEES OF ELDORADO RESORTS CORP. WHO WORKED AT THE GRANDVIEW RESORT IN LAS VEGAS, NEVADA, ON OR AFTER SEPTEMBER 12, 2006 AND THROUGH MAY 2, 2010 AND ALL OTHER PERSONS WHO FILED CONSENTS TO JOIN THIS LITIGATION WITH THE COURT AND WHOSE CLAIMS UNDER THE FAIR LABOR STANDARDS ACT ARE NOT BARRED BY THE STATUTE OF LIMITATIONS

**THIS NOTICE AFFECTS YOUR RIGHTS.
PLEASE READ IT CAREFULLY.**
_____

1.     YOU ARE HEREBY NOTIFIED that a proposed settlement ("Settlement") of the above-captioned class action ("Action") pending in the United States District Court, District of Nevada (the "Court") has been reached by the Parties and has been granted preliminary approval by the Court supervising the Action. The purpose of this Notice is to describe the Action, to inform you of the terms of the proposed Settlement, and to inform you of your rights and options in connection with the proposed Settlement. The proposed Settlement will resolve all claims in this Action. A Final Approval Hearing will be held on September 26, 2011, to determine whether the Settlement should be granted final approval. Because your rights may be

affected, it is extremely important that you read this Notice carefully.  You must file a claim which is postmarked by [date to be inserted will be 45 days after settlement administrator mails the notice], 2011 to participate in the Settlement.  Unless you choose to opt out of the Settlement, you will be bound by the Settlement, if it is approved, and by any order entered by the Court.

SUMMARY OF THE ACTION

1.	The Action was originally filed on September 11, 2008 in Clark County, Nevada and was subsequently removed to the United States District Court, District of Nevada (the "Court").  On February 24, 2009, the Court dismissed without prejudice defendants Starpoint Resort Group, Inc., Geoholiday Development, LLC. and Tricom Management, Inc. from the Action.  On March 30, 2010, the Court granted conditional certification of the alleged FLSA claims as to all current and former frontline timeshare salespeople and frontline timeshare "takeover" a/k/a "closer" employees of Defendants who worked at the Grandview Project in Las Vegas, Nevada, on or after March 26, 2007 and authorized that notice be sent to such potential plaintiffs providing them the opportunity to opt into the Action.  After extensive discovery and an exchange of relevant information, and over two years of hard fought litigation, the Parties agreed to engage in private mediation to try and resolve Plaintiffs' claims.  A mediation was held on September 22, 2010, and the Plaintiffs and Defendants thereafter reached a  Settlement that is memorialized in a Stipulation that has been granted preliminary approval by the Court.

2.	You have received this Notice because Defendants' records show you were employed as a Class Member or you have filed a Consent to Join form with the Court and your rights may be affected by this Settlement.

**POSITIONS OF THE PARTIES**

3.	Defendants have denied and continue to deny each of the claims in the Action.  Defendants contends that all of their employees have been compensated in compliance with the law, and that their conduct was not willful with respect to any alleged failure to pay any wages (including but not limited to overtime, minimum wage, commission wages, or otherwise), the classification of employees as exempt from overtime, and/or with respect to any of its compensation practices.  Defendants have repeatedly asserted and continue to assert defenses to the claims in the Action, and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.  Neither the proposed Settlement nor any action taken to carry out the proposed Settlement is, may be construed as, or may be used as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever.

4.	Counsel for the Plaintiffs ("Plaintiffs' Counsel") has extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto.  Plaintiffs' Counsel recognizes the expense and length of continued proceedings necessary to continue the Action against Defendants through trial and through any possible appeals.  Plaintiffs' Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation, including the risk that the class might not be certified in light of Defendants' opposition to certification as well as the difficulties and delays generally inherent in such litigation.

5.	Plaintiffs' Counsel is also aware of the burdens of proof necessary to establish liability for the claims, of Defendants' defenses thereto, and of the difficulties in establishing damages for the Class Members.  Plaintiffs' Counsel has also taken into account the extensive settlement negotiations conducted by the Parties.  Based on the foregoing, Plaintiffs' Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Class Members.

6.	Defendants have also extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto.  Although Defendants believe they

have meritorious defenses to the Action, Defendants have concluded that the further defense of this Action would be lengthy and expensive for all Parties. Defendants have, therefore, agreed to settle this Action in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Action.

7. The Court has made no ruling on the merits of Class Members' claims and has determined only that certification of the Class for Settlement purposes is appropriate under federal law.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

8. On May 12, 2011, the Court appointed the following attorneys as Plaintiffs' Counsel to represent the Class in this Action:

Leon Greenberg
Leon Greenberg Professional Corporation
633 South 4th Street, Suite 4
Las Vegas, NV 89101

Mark R. Thierman
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511

9. On May 12, 2011 for purposes of the Settlement, Judge Philip M. Pro of the United States District Court, District of Nevada, certified a Class for settlement purposes only consisting of employees employed by Defendant Eldorado Resorts Corp. in Nevada from September 11, 2006 to May 2, 2010 who worked as frontline timeshare salespeople or "takeover" a/k/a "closer" employees at the Grandview Project in Las Vegas, Nevada, referred to hereafter as "the Class" and all other persons who have filed with such Court in this case Consent to Join forms for claims under the Fair Labor Standards Act such claims not being barred by the statute of limitations, such other persons referred to hereafter as members of the "Other Employees Class." When the term "Settlement Class" is used hereafter it refers to both the Class and the Other Employees Class.

10. If you are a member of the Class, or the Other Employee Class, you will be bound by the proposed Settlement described below if it is approved, unless you are eligible to and do make a written request for exclusion in the manner described below.

## SUMMARY OF SETTLEMENT TERMS

11. The following is a summary of the provisions of the proposed Settlement between the Plaintiff, the Class, the Other Employee Class, and Defendants. The specific and complete terms of the proposed Settlement are described in the Stipulation and Settlement Agreement of Claims ("Settlement Agreement"), a copy of which is available for your review as set forth at the end of this Notice.

12. The Court will hold a Final Approval Hearing on the Settlement Agreement in Courtroom 7C of the United States District Court, District of Nevada, located at 333 S. Las Vegas Boulevard, Las Vegas, Nevada, at 10:00 a.m. on September 26, 2011, at which time the Court will determine whether to grant final approval to the Settlement. You do not need to attend that hearing to participate in the proposed settlement.

13. <u>Settlement Amount</u>. The Agreement provides that Defendants will pay up to $800,000.00 (the "Settlement Fund") to fully resolve the Class claims in the Action and up to $10,000.00 to fully resolve the Other Employee Class claims. After the following Court-approved deductions, the remaining amount of the Settlement Fund will be distributed to Class Members who do not opt-out and who timely file claims for a monetary settlement award ("Authorized Claimants") pursuant to the Court-approved plan of allocation, which

is based on the Class Members' weeks worked in the Class during the Class Period, with all unclaimed amounts to be retained by the Defendants.

      (a)    <u>Deductions</u>. The following deductions will be made from the Settlement Fund:

          (i)    <u>Attorneys' Fees and Expense Award.</u>  The Court has appointed Leon Greenberg of Leon Greenberg Professional Corporation and Mark Thierman of the Thierman Law Firm as counsel for the Class. As part of the Settlement approval process, Plaintiffs' Counsel will seek approval of an award of attorneys' fees of $200,000.00 and actual expenses of up to $10,000.00 (the "Fees and Expense Award"). Plaintiffs' Counsel shall not be permitted to petition the Court for any additional payments for fees, costs or interest and the Fees and Expense Award shall be utilized for all claims for attorneys' fees and costs incurred in the past, present and future in connection with the Action. As part of the Settlement, you will not be required to pay Plaintiffs' Counsel for their representation of you in the Action.

          (ii)    <u>Named Plaintiff Awards</u>. Plaintiffs' Counsel will also seek a Named Plaintiff Award of $15,000 in total to be paid to Rick Brunton, Thomas Kelley, Sonia Nunez, John Rangel and Louis A. Carideo, in recognition of their efforts in obtaining the benefits of the Settlement for the Class and in exchange for a full release of claims against Defendants. These Named Plaintiff Awards will be in addition to whatever payment they may otherwise be entitled to as Authorized Claimants. If approved by the Court, this amount will be paid from the Settlement Fund.

          (iii)    <u>Claims Administration</u>. The Court has tentatively approved payment to the Claims Administrator, Rosenthal and Company, to notify the class and process claims. The payment is not expected to exceed $50,000.

      (b)    <u>Payment to Class Members: Plan of Allocation</u>. The approximate expected minimum of $525,000.00 remaining (the "Settlement Fund for Distribution") after these deductions will be available for distribution to Authorized Claimants. Twenty-Five percent (25%) of that amount, or $131,250, will be made available to pay the claims of the FLSA Subclass members who total 331 persons who have filed a consent to join this litigation with the Court on or prior to July 16, 2010. Seventy-Five percent (75%) of that amount, or $393,750, will be made available to pay the claims of the Rule 23 Subclass members who are all Class members except the FLSA Subclass members and total 1,978 persons. Each Subclass member who does not elect to be excluded from the Subclass and who submits a timely and valid claim form will receive either (a) a pro-rata amount of the respective fund allocated to their Subclass, such amount being equal to the Subclass member's weeks of work, as reflected on Defendants' records, as a percentage of all weeks worked that are shown on Defendants' records for all Subclass members; or (b) a certificate good for a three-day and two-night resort stay at (1) The Grandview in Las Vegas, Nevada, or (2) Vacation Village in the Berkshires in Hancock, Massachusetts, or (3) Vacation Village at Parkway in Kissimmee, Florida. Such voucher shall be valid for 24 months after its issuance. Each Subclass member will have to select which of (a) or (b) they choose to receive on their claim form, and any claim form returned without making such a selection will be deemed to have selected (b).

      (c)    <u>Payment to Other Employee Class Members</u>: Plan of Allocation. The $10,000 available for settlement payments to the Other Employee Class Members shall be divided into 27 equal amounts for the settlement of the claims of the 27 Other Employee Class Members. Each Other Employee Class Member who submits a timely and valid claim form will receive a payment of $370.37.

      (d)    <u>Tax Matters</u>: Under the Settlement, 50% of each cash Settlement Award shall be deemed wages from which ordinary deductions for state and federal withholding taxes shall be made. Additionally, 25% of each cash Settlement Award shall be deemed liquidated damages and/or penalties, and 25% shall be deemed interest for which no deductions shall be made. Amounts allocated as wages shall be reported on IRS Form W-2 and amounts allocated as liquidated damages, penalties and interest shall be reported on IRS Form 1099. Rule 23 Subclass members who choose to receive a resort stay certificate instead of a cash payment will be issued a 1099 form

for $360.00 of income in connection with the same. Authorized Claimants should consult with their tax advisors concerning any tax consequences of the payments that they receive under the Settlement.

(e)  Conditions of the Settlement.  This Settlement is conditioned upon the Court entering an order at or following the Final Approval Hearing approving the Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class, and entering Judgment in accordance with the Settlement Agreement.

## RELEASE OF CLAIMS

14. All Class and Other Employee Class Members who have not validly requested exclusion from the Settlement will be bound by the terms of the proposed Settlement if it is approved and if the Order of Final Approval dismissing the Action is entered and Judgment becomes final.

15. If the proposed Settlement is approved, all Class Members and Other Employees Class Members will have released The Berkley Group Inc., Eldorado Resorts Corp. James Grimes, Patriot Resort Corp., Berkley Vacation Resorts, Inc., Daily Management, Inc. and Williamsburg Plantation, Inc., with each of their respective past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers and its and their respective successors and predecessors in interest, parents, subsidiaries, affiliates, and attorneys (the "Released Parties") from all claims, demands, rights, liabilities, and causes of action that were or might have been asserted (whether in tort, contract, or otherwise) for violation of any state or federal law, whether for economic damages, noneconomic damages, restitution, penalties, liquidated damages, punitive damages, interest, attorneys' fees, costs of suit or other monies arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the Released Parties (as defined below) failed to pay any type of wages or other compensation (including without limitation minimum wages) to which Class Members were entitled, failed to reimburse business expenses, improperly classified Class Members as exempt from overtime pay, failed to provide all overtime wages due, failed to pay minimum wage, failed to provide timely or accurate paychecks, engaged in tortious interference with contract in respect to monies due from the Released Parties to the Class Members, committed breach of contract in respect to monies due from the Released Parties to the Class Members, failed to provide meal or rest periods, failed to keep records properly concerning time worked, and/or failed to properly pay any wages or commissions, at any time on or before Final Approval, such claims also arising out the Class Members' work or employment at or for the Grandview Resort in Las Vegas, Nevada and the facts alleged in the Plaintiffs' complaint filed with the Court in this action and, as to members of the Other Employees Class, all such claims at such other location(s) where they worked or were employed by any of the Released Parties at any time on or before Final Approval, provided that only those Class Members who have filed consents to join this Action shall be deemed to release any claims that they possess arising under 29 U.S.C. 201 et. seq. (the Fair Labor Standards Act) but all amounts or other consideration received pursuant to this Stipulation and Settlement Agreement of Claims by any Class Members who have not filed consents to join this Action will be offsets in favor of the Released Parties against any future claims brought by any such Class Members for any claims they have brought or may bring against any of the Released Parties under the Fair Labor Standards Act for any part of the time period set forth above. The Settlement Class Members will be permanently barred from suing or otherwise making a claim against any of the Released Parties that is in any way related to the Released Claims.

Plaintiffs and all Settlement Class Members stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Settlement Order and Judgment shall have, expressly waived and relinquished the Released Claims and any and all actions, suits, claims, demands, rights, liabilities or causes of action that the Settlement Class Members do not know of or suspect to exist in their favor, which, if known by them, might have affected their agreement to the Settlement. Even if the Plaintiffs and/or the Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, each Plaintiff and Settlement Class Member, upon the Effective Date, shall be deemed to have and by operation of the Settlement Order

and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims. The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to, arises out of, or is connected with the Released Claims. The Settlement Awards and the Named Plaintiff Awards shall be paid to Settlement Class Members specifically in exchange for the release of the Released Parties from the Released Claims and for the covenant not to sue concerning the Released Claims.

## PROCEDURE FOR MONETARY RECOVERY

16.     If you want to participate in the Settlement and receive money under the Settlement, you must sign and date the enclosed Claim Form and mail the completed Claim Form by postage pre-paid U.S. first class mail postmarked by no later than [date to be inserted will be 45 days after settlement administrator mails the notice],, 2011 to the Settlement Administrator at the following address:

**Eldorado Settlement**
c/o Rosenthal and Company
[insert address]
Telephone: 1-800-_____
Fax: _____

A copy of your Claim Form is attached.  (If you need an extra copy, contact the Settlement Administrator).  If any information provided on the Claim Form is incorrect, please make corrections.  For example, if your address is incorrect, please indicate your correct address.  Also, please provide your telephone number and any other indicated information referred to on your Claim Form if it is not provided.  If you wish to have confirmation that the Settlement Administrator has received your Claim Form, you may do so by sending it by certified U.S. Mail with a return-receipt request.  If you are a Class Member the Claim Form lists the total number of weeks that you are shown as working as a Class Member during the Class Period on Defendants' records and your projected minimum settlement payment.

17.     If you are a Settlement Class Member and you do not choose to exclude yourself from the Settlement, you will be bound by all of the provisions of the Settlement Agreement between the Parties, including a full release of claims that will prevent you from separately suing the Released Parties for the Released Claims settled in this case (see paragraph 14 above).

18.     **ANY SETTLEMENT CLASS MEMBER WHO DOES NOT SUBMIT A TIMELY CLAIM FORM WILL NOT RECEIVE A SHARE OF THE SETTLEMENT FUND OR A RESORT STAY CERTIFICATE.  IF YOU DO NOTHING – THAT IS, IF YOU DO NOT MAIL OR DELIVER A TIMELY CLAIM FORM, YOU WILL NOT BE ENTITLED TO A SHARE OF THE SETTLEMENT AMOUNT OR A RESORT STAY CERTIFICATE. HOWEVER, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, EVEN THOUGH YOU DID NOT RECEIVE ANY MONEY OR CERTIFICATE, UNLESS YOU EXCLUDE YOURSELF IN WRITING FROM THE SETTLEMENT AS PROVIDED IN PARAGRAPH 19.**

## PROCEDURE FOR EXCLUSION

19.     Settlement Class Members may exclude themselves from (or "opt-out" of) the Settlement by mailing to the Settlement Administrator at the address listed in paragraph 16, on or before [date to be inserted will be 45 days after settlement administrator mails the notice], 2011, a written statement expressing their desire to be excluded from the Settlement.  If you wish to opt-out of the Settlement in this Action, your written statement must include your name (and former names, if any), current address, telephone number and last four digits of your social security number.  In addition, it must be postmarked on or before [date to be inserted will be 45 days after settlement administrator mails the notice], 2011.  Requests to opt-out that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void, and ineffective. Persons who are eligible to and do submit valid and timely requests to opt-out of the Settlement will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Order of Final Approval and Judgment in this action.

**OBJECTIONS TO THE PROPOSED SETTLEMENT/FINAL SETTLEMENT HEARING**

20. A Final Approval Hearing will be held before the Honorable Philip M. Pro in Courtroom 7C of the United States District Court, District of Nevada, located at 333 S. Las Vegas Boulevard, Las Vegas, Nevada, at 10:00 A.M. on September 26, 2011, to determine whether the proposed Settlement is fair, adequate and reasonable and whether it should be approved by the Court and whether the Action should be dismissed on the merits with prejudice. The hearing may be adjourned, continued and/or rescheduled by the Court from time to time as the Court may direct without further notice.

21. Any Settlement Class Member who wishes to object to the Settlement must file with the Court and serve on counsel for the parties and the Settlement Administrator a written statement objecting to the Settlement. Such written statement must be filed with the Court and served on counsel for the parties no later than thirty (30) days after the date this Notice is first mailed. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, shall have been timely filed with the Court and served on counsel for the parties and the Settlement Administrator. Any written objections and briefs must be served on counsel for the parties and the Settlement Administrator at the following addresses:

| **Settlement Administrator** | **Plaintiffs' Counsel** | **Defendant's Counsel** |
|---|---|---|
| Eldorado Settlement<br>c/o Rosenthal and Company<br>[insert address] | Leon Greenberg<br>Leon Greenberg Professional Corporation<br>633 South 4th Street, Suite 4<br>Las Vegas, NV 89101 | Matthew C. Kane, Esq.<br>McGuireWoods LLP<br>1800 Century Park East, 8th Floor<br>Los Angeles, CA 90067 |

22. Any Settlement Class Member who does not file with the Court and serve on counsel his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

23. Any Settlement Class Member who is satisfied with the proposed Settlement need not appear at the Final Approval Hearing.

**CHANGE OF ADDRESS**

24. If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Action and the Settlement to be sent to a different address, you should supply your current preferred address to the Settlement Administrator and to Plaintiffs' Counsel at the addresses listed in paragraph 21.

**EXAMINATION OF THE PAPERS AND ADDITIONAL INQUIRIES**

25. The foregoing is only a summary of the Action and the proposed Settlement and does not purport to be comprehensive. For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, District of Nevada, located in Las Vegas, Nevada, during regular business hours of each Court day.

26. All inquiries by Settlement Class Members regarding this Notice and/or the Settlement that involve requests for information on whether a claim has been received or accepted, requests for additional copies of claim documents or information on when claims will be paid or the amount of your individual claim

should be directed to the Settlement Administrator at [insert contact information]   PLEASE DO NOT MAKE ANY INQUIRIES TO THE SETTLEMENT ADMINISTRATOR ABOUT THE AMOUNT OF YOUR INDIVIDUAL CLAIM OR IF YOUR CLAIM PAYMENT HAS BEEN SENT TO YOU UNTIL AFTER [INSERT DATE 10 DAYS AFTER DATE ADMINISTRATOR IS TO MAIL CHECKS] AS THAT INFORMATION MAY NOT BE AVAILABLE BEFORE THAT DATE.  Inquiries involving legal questions about this Notice and/or legal questions about the Settlement or your legal rights should be directed to Plaintiffs' Counsel, Leon Greenberg, Leon Greenberg Professional Corporation,  633 South 4th Street, Suite 4, Las Vegas, NV 89101, (702) 383-6085, email: leongreenberg@overtimelaw.com (email communications are preferred).

27. You may also retain your own attorney at your own expense.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, DEFENDANT OR DEFENDANT'S COUNSEL WITH INQUIRIES.**

Dated: __ May 12, 2011.               _____
                                            United States District Judge

# EXHIBIT "B"

**CLAIM FORM**

*LEBER ET AL. V. BERKLEY GROUP ET AL.*
**U.S. DISTRICT COURT, DISTRICT OF NEVADA, CASE NO. 08-CIV-1752 PMP/PAL**

Claim #: _____                Name/Address Changes (please enter only if applicable):

«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St» «Zip»   «Country»

**To participate in this Settlement, this Claim Form must be completed and postmarked no later than** [date to be inserted will be 45 days after settlement administrator mails the notice],

**GENERAL INFORMATION**

If you were employed by Eldorado Resorts Corporation or The Berkeley Group Inc ("Defendants") in Nevada at the Grandview Project from September 12, 2006 to May 2, 2010 as a frontline timeshare salespeople and/or frontline timeshare "takeover" a/k/a "closer", and/or filed a Consent to Join form in the above-referenced lawsuit for a claim that is not barred by the statute of limitations, you are a Class Member and may be eligible to receive a monetary award from the Settlement of this Action. [STRIKE AS TO FLSA SUBCLASS AND OTHER EMPLOYEE CLASS MEMBERS: Alternatively, you will have the right to receive a certificate good for a three-day and two-night resort stay as detailed below in lieu of taking such cash award.] **In order to receive money [or a resort stay certificate] from the Settlement, you must sign this Claim Form and return it by first-class mail, postmarked no later than** [date to be inserted will be 45 days after settlement administrator mails the notice], **to the following address:**

Eldorado Settlement
c/o Rosenthal & Company
P.O. Box XXXX
Novato, CA 949XX-XXXX
1-800-XXX-XXXX

A return envelope is provided. If you fail to submit your Claim Form by that date, your claim will be rejected and you will not receive any money [or resort stay certificate] in connection with the Settlement (although you will be bound by the other provisions of the Settlement approved by the Court). A Claim Form will be deemed submitted when sent by first class mail and postmarked.

**CLAIM INFORMATION**

According to Defendants' records, you were a class member for ___ weeks. Based upon your status as a member of the Subclass, you are entitled to choose to receive    % of the minimum projected amount of          that will be available to pay such Subclass Members' claims.   Your minimum payment is estimated to be at least            $ [insert dollar figure] (the "Settlement Payment"). [STRIKE AS TO FLSA SUBCLASS MEMBERS: Alternatively, you will have the right to choose to receive a certificate good for a three-day and two-night resort stay at (1) The Grandview in Las Vegas, Nevada, or (2) Vacation Village in the Berkshires in Hancock, Massachusetts, or (3) Vacation Village at Parkway in Kissimmee, Florida (the "Resort Certificate").  Such certificate shall be valid for 24 months after its issuance and will have a taxable value of $360.00 which will be reported to the IRS as income to you.]

[FOR OTHER EMPLOYEE CLASS MEMBERS STRIKE THE FOREGOING PARAGRAPH AND INSERT;]  According to Defendants' records you were not employed at the Grandview Project in Las Vegas, Nevada, from September 12, 2006 to May 2, 2010  as a frontline timeshare salespeople and/or frontline timeshare "takeover" a/k/a "closer. You may have been employed there in a different capacity or for another affiliate or subsidiary of one or more of the defendants at a different location. Because you have previously elected to join this lawsuit by filing a Consent to Join form with the Court you are being offered the opportunity to participate in this settlement.  If you choose to participate in this settlement you will receive a payment of $ [insert dollar figure}.

**DECLARATION OF CLASS MEMBER**

CLAIM FORM

1.      In exchange for a Settlement Payment or Resort Certificate under the Settlement Agreement, I, on behalf of myself and on behalf of all who claim by or through me or in my stead, hereby release The Berkley Group Inc., Eldorado Resorts Corp. James Grimes, Patriot Resort Corp., Berkley Vacation Resorts, Inc., Daily Management, Inc. and Williamsburg Plantation, Inc., with each of their respective past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers and its and their respective successors and predecessors in interest, parents, subsidiaries, affiliates, and attorneys  (the "Released Parties") from the "Released Claims."  For purposes of this Settlement, the "Released Claims" means all claims, demands, rights, liabilities, and causes of action that were or might have been asserted (whether in tort, contract, or otherwise) for violation of any state or federal law, whether for economic damages, noneconomic damages, restitution, penalties, liquidated damages, punitive damages, interest, attorneys' fees, costs of suit or other monies arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the Released Parties failed to pay any type of wages or other compensation (including without limitation minimum wages) to which Class Members were entitled, failed to reimburse business expenses, improperly classified Class Members as exempt from overtime pay, failed to provide all overtime wages due, failed to pay minimum wage, failed to provide timely or accurate paychecks, engaged in tortious interference with contract in respect to monies due from the Released Parties to the Class Members, committed breach of contract in respect to monies due from the Released Parties to the Class Members, failed to provide meal or rest periods, failed to keep records properly concerning time worked, and/or failed to properly pay any wages or commissions, at any time on or before Final Approval, such claims also  arising out the Class Members' work or employment at or for the Grandview Resort in Las Vegas, Nevada and the facts alleged in the Plaintiffs' complaint filed with the Court in this action [INSERT FOR OTHER EMPLOYEE CLASS MEMBERS: along with any such claims I possess for any work performed for the Released Parties at any location, not just at Grandview Resorts in Las Vegas, Nevada] including any claims that they possess arising under 29 U.S.C. 201 et. seq., of the Fair Labor Standards Act at any time on or before Final Approval.  I have not assigned, pledged or otherwise transferred to any other person or entity my interest in any of the Released Claims.  Even if I may hereafter discover facts in addition to or different from those which I now know or believe to be true with respect to the subject matter of the Released Claims, I shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims.  This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  I agree that I will not make a claim against any of the Released Parties that is in any way related to the Released Claims.

2.      I have received the Notice of Class Action Settlement.  I submit this Claim Form under the terms of the proposed settlement described in the Notice.  I also submit to the jurisdiction of the United States District Court, District of Nevada, with respect to my claim as a Class Member and for purposes of enforcing the release of claims stated in the Settlement Agreement on file with the Court and the Notice.  The full and precise terms of the proposed settlement are contained in the Settlement Agreement filed with the Court.  I further acknowledge that I am bound by the terms of any Judgment that may be entered in this class action.  I agree to furnish additional information to support this claim if required to do so.

[STRIKE OTHER THAN AS TO RULE 23 SUBCLASS MEMBERS:  **SELECT THE AWARD YOU WANT TO RECEIVE**

☐ RESORT CERTIFICATE       ☐ CASH PAYMENT

NOTICE:  IF YOU DO NOT SELECT EITHER OF THE ABOVE AWARDS, OR YOU SELECT BOTH, THEN YOU WILL ONLY RECEIVE A RESORT CERTIFICATE AWARD.]

If I am the executor and/or heir of a Class Member or a representative of a Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Claim Form on separate sheets attached.

I declare under penalty of perjury under the laws of the United States of America and the State of Nevada that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this Claim Form, and agree to abide by the terms of the Notice and this Claim Form.

**Please complete the Taxpayer Identification Number Certification - IRS Substitute Form W-9 below, sign the Claim Form, and mail it to the Claim Administrator at the address provided below.**

**Taxpayer Identification Number Certification - Substitute IRS Form W-9**

Enter your Social Security Number: ☐☐☐ -- ☐☐ -- ☐☐☐☐

Under penalties of perjury, I certify that:

1. The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); **and**

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3. I am a U.S. person (including a U.S. resident alien).

Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

Dated: _____     _____
                                                                                        (Signature)

# EXHIBIT "C"

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL LEBER, RICK BRUNTON, THOMAS KELLEY, SONIA NUNEZ, JOHN RANGEL, and LOUIS A. CARIDEO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE BERKLEY GROUP INC., ELDORADO RESORTS CORPORATION, and JAMES GRIMES, individually and doing business as "Vacation Village Resorts" and "John Does", name fictitious, actual name and number unknown,<br><br>Defendants. | Case No.: 08-civ 1752 PMP/PAL<br><br>**NOTICE OF DISMISSAL OF OPT-IN CLAIM UNDER THE FAIR LABOR STANDARDS ACT** |

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE PREVIOUSLY FILED A CONSENT TO JOIN FORM IN THIS LAWSUIT TO PURSUE A CLAIM UNDER THE FAIR LABOR STANDARDS ACT (THE "FLSA") MORE THAN THREE YEARS AFTER THE LAST DATE OF EMPLOYMENT BY THE NAMED DEFEDNANTS AS REFLECTED ON THE EMPLOYMENT RECORDS MAINTAINED BY THEM**

**THIS NOTICE AFFECTS YOUR RIGHTS.
PLEASE READ IT CAREFULLY.**
_____

  1. YOU ARE HEREBY NOTIFIED that pursuant to the Order of the Honorable Phillip M. Pro entered in the above-captioned action on May 12, 2011, your claim in this lawsuit brought under the FLSA has been dismissed without prejudice (the "Order"). Pursuant to that Order, you have the right to re-file your FLSA claim in a new separate action, but subject to and without waiver of Defendants' defenses thereto (including based on the running of the statute of limitations). If any such new action is filed by you by [INSERT DATE 30 DAYS AFTER MAILING OF THIS NOTICE], your FLSA claim made in such a new action which is the same as the FLSA claim you were asserting in the above-captioned action shall not be subject to any additional accrual of the applicable FLSA statute of limitations from the date of entry of the Order through the date of filing of the new action, but subject to and without waiver of Defendants' defenses thereto (including based on the running of the statute of limitations).

  2. The dismissal of your claim was based upon the fact you have filed an FLSA claim more than three years after the defendants' records indicate you terminated your employment with them. The maximum statute of limitations to bring a claim under the FLSA is three years. If defendants' records regarding your

employment are correct, any claim you possess against the defendants under the FLSA is barred by the statute of limitations and there would be no purpose in recommencing any FLSA litigation against the defendants.

       3.     Inquiries about this Notice should be directed to Plaintiffs' Counsel, Leon Greenberg, Leon Greenberg Professional Corporation, 633 South 4th Street, Suite 4, Las Vegas, NV 89101, (702) 383-6085, email: leongreenberg@overtimelaw.com (email communications are preferred).

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, DEFENDANT OR DEFENDANT'S COUNSEL WITH INQUIRIES ABOUT THIS NOTICE.**

Dated: __ May 12, 2011                      _____
                                             United States District Judge