Case 2:08-cv-01752-PMP -PAL Document 216-2 Filed 09/06/11 Page 1 of 3

```
____ FILED         ____ RECEIVED
____ ENTERED       ____ SERVED ON
              COUNSEL/PARTIES OF RECORD

         SEP 2 6 2011

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT COURT OF NEVADA

MICHAEL LEBER, RICK BRUNTON, THOMAS KELLEY, SONIA NUNEZ, JOHN RANGEL, and LOUIS A. CARIDEO, individually and on behalf of all others similarly situated,

  Plaintiffs,

  v.

THE BERKLEY GROUP INC., ELDORADO RESORTS CORPORATION, and JAMES GRIMES, individually and doing business as "Vacation Village Resorts" and "John Does", name fictitious, actual name and number unknown,

  Defendants.

Case No. Case No. **08-civ 1752 PMP/PAL**

[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Date: September 26, 2011
Time: 10:00 a.m.
Courtroom: 7C

---

On September 26, 2011, the Court heard the parties' joint motion for final approval of their proposed class action settlement and the plaintiffs' motion for approval of enhancement payments to the representative plaintiffs, payment of plaintiffs' attorney's fees and costs, and payment of administration expenses, as set forth in the Stipulation and Settlement Agreement ("Stipulation"), in the above-captioned action that has been filed with the Court. Both motions were unopposed. The Court finds and orders as follows:

  1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation, previously filed with this Court.

  2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members in this litigation.

3. The Court finds that the distribution of the Notice of Class Action Settlement, which was carried out pursuant to the Stipulation, constituted the best notice practicable under the circumstances and fully met the requirements of due process.

4. The Court finds that no Class Members have objected to the Settlement. The following six Class Members have requested exclusion from the Settlement and are not subject to any of the provisions of the Settlement: Cassia Costa, Anthony DiLaura, Robert Montemarano, Evangelina Velasco, Fabian Villarreal, Ronald Zipser. Over 35.2% of the Class have filed timely and valid claims such persons holding claims valued at over 50% of the total cash value of all estimated class claims. These individuals have claimed, and will be paid, a minimum of $266,426.86 in cash from the settlement fund with 68 of such individuals electing to receive a resort stay certificate in lieu of a cash payment, such certificates being collectively valued at $24,480.00

5. As counsel for the Class, Mark Thierman of the Thierman Law Firm and Leon Greenberg of Leon Greenberg Professional Corporation, shall be paid a fees payment of $200,000.00 and a costs payment of $10,000.00 from the Settlement Fund for their services on behalf of the Plaintiffs and the Class.

6. As the Settlement Administrator, Kurtzman Carson Consultants LLC, shall be paid from the Settlement Fund for their services rendered in administering the Settlement, in accordance with the Stipulation and as provided in this paragraph. Pursuant to the declaration of its Senior Consultant, Jonathan Carameros, submitted to this Court, its estimated maximum costs for administration of the settlement of this matter is $37,338.69. Its payment of costs in that amount from the Settlement Fund is approved, provided, that it shall receive a lesser amount, if any, that is equal to the actual charges properly paid to it for the services it provides in completing the administration of the Settlement.

7. The Court finds that the Stipulation was the product of protracted, arm's length negotiations between experienced counsel, facilitated by a respected mediator. After considering Defendants' potential exposure, the likelihood of success on the class claims, the risk, expense, complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Plaintiffs' Counsel, and the reaction of the Class to the Settlement, as well as other relevant factors, the Court finds that the settlement, as set forth in the Stipulation, is fair, reasonable, and in the best interests of the Class, and hereby grants final approval of the settlement. The parties are ordered to carry out the settlement as provided in the Stipulation. The Court finds that the applicable statute of limitations for the Nevada state law claims asserted in this action is not longer than two years.

8. The Clerk of the Court is directed to enter a Final Judgment of dismissal and the Complaint is dismissed with prejudice except as to Robert Montemarano and Evangelina Velasco for whom such dismissal will be without prejudice and with a right to recommence litigation against defendants within 90 days from the date of such Final Judgment with any such recommenced action relating back for statute of limitations purposes to such person's joinder in this action for FLSA purposes and the commencement of this action in respect to any State Law claims.

9. The Court will retain jurisdiction for purposes of enforcing this Settlement, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law.

IT IS SO ORDERED.

Dated: Sept 26, 2011

Philip M. Pro
UNITED STATES DISTRICT COURT JUDGE